ready in the pleadings, it was mere surplusage, and should have been reached by motion to strike out and not by demurrer. If, however, the defense was insufficient in law upon its face, the defendant was clearly entitled to demur to it (Code Civ. Proc. § 493), and none of the cases cited by counsel for the appellants is at all inconsistent with that conclusion.

The judgment should be affirmed, with costs, with leave to the appellants to amend within six days on payment of costs in this court and the court below. All concur.

(61 Misc. Rep. 281.)

### MEURER v. AMERICAN MOVING PICTURE MACH. CO.

(Supreme Court, Appellate Term.    December 16, 1908.)

1. CORPORATIONS (§ 120*) — SUBSCRIPTION TO STOCK — CONTRACT OF EMPLOYMENT—REPURCHASE BY CORPORATION.

Defendant, a corporation, employed plaintiff for a stipulated time, the contract of employment providing that plaintiff should purchase a certain number of shares of defendant's stock at a certain price, and that plaintiff might terminate the employment upon giving 30 days' notice in writing to defendant, in which event defendant would repurchase the stock or secure a purchaser therefor at the same price. *Held*, that defendant was not required to repurchase the stock or secure a purchaser therefor on plaintiff's giving notice of the termination of the employment seven days before the expiration of his term as fixed by the contract; it not being shown that there was a renewal of the contract of employment.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 120.*]

2. CORPORATIONS (§ 121*)—SUBSCRIPTION TO STOCK—PURCHASE BY EMPLOYÉ—REPURCHASE BY CORPORATION—PLEADING.

In an action by an employé who had purchased stock in the employer corporation for breach of a provision in the contract of employment, by which defendant agreed that, in case plaintiff should terminate the employment, defendant would either repurchase or secure a purchaser for the stock as soon as possible after receiving notice of plaintiff's desire to terminate the employment, the complaint was insufficient where it failed to allege that defendant with reasonable effort could have found a purchaser for the stock at the agreed price.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 121.*]

Appeal from City Court of New York, Trial Term.

Action by Otto Meurer against the American Moving Picture Machine Company. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed and rendered.

Argued before GIEGERICH, HENDRICK and FORD, JJ.

Robert Leslie Moffett, for appellant.

Amend & Amend (John E. Donnelly, of counsel), for respondent.

FORD, J. Defendant appellant employed plaintiff respondent by contract in writing, of which the parts pertinent upon this appeal are as follows:

"First. The party of the first part hereby engages and employs the party of the second part in the capacity of its assistant secretary at a salary of thirty dollars per week, the same to be paid him weekly, such employment to begin on the 11th day of November, 1907, and to terminate on the 2nd day of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

January, 1908, unless sooner terminated as hereinafter provided. And said party of the first part hereby agrees to have said party of the second part elected to said office at the next meeting of its board of directors.

"Second. The said party of the second part hereby agrees to enter the employ of the said party of the first part in the capacity and upon the salary aforesaid, and covenants that he will devote his time and attention and will use his best endeavors in selling and promoting the sale of the goods and merchandise which may be manufactured by said party of the first part.

"Third. Upon the termination of this agreement (unless sooner terminated by notice as hereinafter provided) the same may be renewed upon such terms and for such period as may be agreed upon between the parties hereto.

"Fourth. That said party of the second part agrees to purchase from said party of the first part, and hereby subscribes for, and the party of the first part hereby agrees to sell to him, two hundred shares of its capital stock, the same to be fully paid in and nonassessable, at the price of One thousand dollars.

"Fifth. This agreement may be terminated by the said party of the second part at any time during the period of his employment upon his giving thirty days' notice in writing of his intention so to do, and in such event the said party of the first part agrees to repurchase said stock at the price of One thousand dollars or procure a purchaser therefor at such price, as soon as possible after such notice shall have been given.

"It being further understood and agreed that in the event this contract is terminated by the death of the party of the second part that then the party of the first part will, upon demand, secure another party to invest said (1,-000.00) one thousand dollars and refund to his representatives or assigns, said sum of one thousand dollars upon their surrendering said shares of stock."

The complaint alleges the contract, the employment, and the purchase of the stock by the plaintiff. It then continues:

"That heretofore and on or about the 26th day of December, 1907, the plaintiff duly notified the defendant in writing of his intention to terminate said agreement, a copy of which is hereto annexed and marked 'Exhibit A,' at the expiration of 30 days from said date, and he thereupon demanded that the defendant repurchase the 200 shares of its capital stock at the sum of $1,000 heretofore purchased by the plaintiff, or that the defendant procure a purchaser therefor at such price as soon as possible, and plaintiff tendered said shares of stock to the defendant. That the defendant has refused and neglected to repurchase said stock or to procure a purchaser therefor."

For such refusal and neglect to perform plaintiff demands damages in the sum of $1,000, with interest. A demurrer was interposed, which was overruled, and defendant appeals.

It is clear that there was only one contingency, barring that of death, in which defendant would be obligated to repurchase the stock, and that was in the event of the termination of the contract by written notice from plaintiff to defendant 30 days before such termination became effective. At the time the notice was given the contract of employment had only seven days more to run. At the end of that time, it would have expired by virtue of its own terms, and could have been continued only by another independent agreement between the parties. There is no hint that such agreement was made. Hence the notice of plaintiff's intention to terminate the contract related to a time when there would be no contract to terminate. The intention of the parties was obviously that the contract must have been terminated at some time during its life by notice in writing given 30 days previous to that time. Such a notice given only seven days before the end of the contract period was not a performance by the plaintiff of

that provision of the contract which it was necessary for him to perform in order to obligate defendant to repurchase the stock, or to procure a purchaser for it.  Moreover, the omission to allege that the defendant, with reasonable effort, could have found a purchaser for the stock at the agreed price, is fatal to the complaint, since paragraph "Fifth" of the contract only requires it to "procure a purchaser therefor at such price, as soon as possible after such notice shall have been given."

The judgment of the court below should be reversed and the demurrer sustained, with leave to plaintiff to plead over on payment of costs in this court and in the court below within six days.  All concur.